### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW FOUST<br>156 Shenango Park Road, Lot No. 95<br>Transfer, PA  16154<br><br>        Plaintiff,<br><br>    v.<br><br>PRIMARY AIM, LLC d/b/a WENDY'S<br>1925 Leesburg/Grove City Road<br>Grove City, PA  16127<br><br>        Defendant. | JURY TRIAL DEMANDED<br><br>CASE NO. 2:22-cv-807 |

### CIVIL ACTION COMPLAINT

And now Plaintiff, MATTHEW FOUST, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Matthew Foust, (hereinafter "Plaintiff" or "Foust") is an individual and citizen of the Commonwealth of Pennsylvania. He resides at 156 Shenango Park Road, Lot No. 95, Transfer, Pennsylvania 16154.

2. Defendant, Primary Aim, LLC d/b/a Wendy's (hereinafter "Defendant") employed Mr. Foust at 1925 Leesburg/Grove City Road, Grove City, Pennsylvania 16127.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. At all times relevant to this Action, Defendant acted by and through their respective authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of their respective businesses.

5. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of the Notice of Right to Sue).

6. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and applicable federal and state law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

## FACTUAL ALLEGATIONS

8. On or about January of 2017, Mr. Matthew Foust, was hired by Primary Aim, LLC d/b/a Wendy's as a Crew Member and then became a Shift Trainer.

9. Mr. Foust worked to the satisfaction of Defendant, and his performance and work conduct was at least satisfactory. The General Manager is/was Matt Brown.

10. On or about March 27, 2021, Mr. Foust lodged a complaint with Jasna Keller, the Direct of Human Resources for Defendant.

11. The complaint included that an individual, William Eppinger (though not specifically named in the complaint), was making sexual and obscene comments to and touching female staff, including minors, and that General Manager refused to take any preventative measures.

12. The complaint also included that expired food product was being used and that different disciplinary standards were used among employees. By making such complaints, Mr. Foust engaged in activity protected by Title VII.

13. On or about March 30, 2021, Mr. Foust expressed to Ms. Keller that he discovered that two employees were collecting false affidavits against him in an attempt to have him fired.

14. Ms. Keller forwarded Mr. Foust's emails to Jeff Nunez, Director of Area Operations for Defendant.

15. Mr. Nunez asked that Mr. Foust send him pictures and videos he had, and that they would meet.

16. On or about March 31, 2021, Mr. Foust received a phone call from Mr. Dixon, the district manager, advising him that he was placed on suspension pending an investigation.

17. On or about April 06, 2021, Defendant terminated Mr. Foust's employment allegedly because he engaged in inappropriate name-calling and making inappropriate comments.

18. Mr. Foust denies making any inappropriate remarks. It is clear that Defendant is using fabricated reasons as pretext for his termination and Mr. Foust's complaints were contributing factors in his termination.

19. Defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### RETALIATION

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. At set forth above, Plaintiff made complaints regarding William Eppinger concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

22. Defendant took adverse action against Plaintiff by terminating his employment.

23. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

24. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

25. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

26. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

27. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et *seq*., Plaintiff demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

28. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

29. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by retaliating against Plaintiff for his making complaints of sexual harassment and discrimination in the workplace.

30. Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

31. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

32. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Matthew Foust, demands judgment in his favor and against Defendant, Primary Aim, LLC d/b/a Wendy's, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

DATE: June 2, 2022          **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   /s/Mary LeMieux-Fillery, Esq.
      **MARY LEMIEUX-FILLERY, ESQUIRE**
      (P.A. ID 312785)
      Two Penn Center, Suite 1240
      1500 John F. Kennedy Boulevard
      Philadelphia, PA 19102
      Telephone: (267) 546-0132
      Telefax: (215) 944-6124
      Email: Maryf@EricShore.com
      *Attorney for Plaintiff, Matthew Foust*

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

06/02/2022
(Date Signed)

*Matthew Foust* (Electronically Signed, 2022-05-31 21:35:45 UTC - 50.224.39.82, Nintex AssureSign®, 1bc0b4e9-48e4-4a3c-b334-aea6014fcd80)

Matthew Foust